## FOR THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JOHN DOE P.M. | ) |
|     Plaintiff, | ) Case No. 2:16-cv-02315 |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| and | ) |
| | ) |
| MARK E. WISNER | ) |
| | ) |
|     Defendants. | ) |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff John Doe P.M., by and through counsel, and for his causes of action against the Defendants states and alleges as follows:

### PARTIES

1. Plaintiff John Doe P.M. is and at all times herein relevant has been a resident of the State of Missouri.

2. Defendant United States of America is a governmental entity with medical facilities throughout the United States of America, in particular, the Dwight D. Eisenhower VA Medical Center in Leavenworth, Kansas.

3. Defendant United States of America is amenable to suit under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671-2680 as well as 38 U.S.C.A § 7316, as the negligence alleged herein was a result of medical treatment Plaintiff John Doe P.M. received from an employee of the Eastern Kansas Veterans' Administration Hospital in Leavenworth, Kansas, specifically, Dr. Mark E. Wisner.

4.	Defendant United States of America is sued as principal and, as alleged herein, all of the acts performed by Defendant's agents and employees, including Mark Wisner, were performed within the course and scope of their authority and employment and/or agency and with the consent of Defendant, rendering Defendant United States of America liable for all of their actions detailed below pursuant to the Federal Tort Claims Act, 26 U.S.C. §§ 1346(b) and 2671-80.

5.	At the time of the negligent acts complained of herein and at all other times relevant hereto, Defendant Mark E. Wisner PA ("Defendant Wisner") was a licensed physician's assistant, who with Defendant United States of America's knowledge, represented and held himself out to the public, and in particular to Plaintiff John Doe P.M., as a medical doctor. Defendant Wisner was employed by Defendant USA at all times relevant hereto.

6.	At the time of the negligent acts complained of herein, Defendant Wisner was the agent, actual or ostensible, of Defendant United States of America and was acting in the scope and course of his employment with Defendant United States of America. As such, all negligent acts of Defendant Wisner are imputed to his employer/principal, United States of America.

## JURSIDICTION AND VENUE

7.	This is a claim brought under the Federal Tort Claims Act, and exclusive jurisdiction rests with this Court pursuant to 28 U.S.C. § 1346(b) as a Defendant is the United States of America.

8.	This Court additionally has supplemental jurisdiction over Plaintiff's claims against Defendant Wisner pursuant to 28 U.S.C § 1367(a) as Plaintiff's claims against Defendant Wisner arise out of the same case and controversy as Plaintiff's claims against Defendant United States of America.

9. Venue is proper in this judicial court upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

10. Defendant United States of America operates the Department of Veterans Affairs. The Defendant may be served by certified mail, return receipt requested, to Barry R. Grissom, the United States Attorney for the District of Kansas at 1200 Epic Center, 301 N. Main, Wichita Kansas 67202 and Loretta E. Lynch, the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington DC 20530.

11. The Eastern Kansas Veterans' Administration Hospital in Leavenworth, Kansas is owned by Defendant United States of America and managed by the Department of Veterans Affairs pursuant to statutory authority.

12. All acts or omissions alleged herein occurred in Leavenworth, Kansas. Therefore, the law of the State of Kansas determines liability.

13. On March 16, 2015, in conformity with 28 U.S.C. § 2675, the Plaintiff presented a written notice to the Department of Veterans Affairs Office of Regional Counsel, 1 Jefferson Barracks Dr., Building 25, St. Louis Missouri 6312 setting forth Plaintiff's claim for damages, in the amount of $2,500,000.00.

14. On May 2, 2016 Plaintiff received notification by certified mail of the denial of Plaintiff's claim.

15. As such, Plaintiff's Complaint has been filed within the six months after receiving the denial in compliance with the Federal Torts Claims Act, 28 U.S.C. §§ 2401(b) and 2675(a).

## FACTS OF THE OCCURRENCE

16. Plaintiff John Doe P.M., a veteran of the Iraq war, was a patient at the Leavenworth VA hospital, and specifically a patient of Defendant Wisner.

17. During the course of his employment, Defendant Wisner repeatedly violated the standard of care in caring for Plaintiff John Doe P.M by wrongfully subjecting Plaintiff to inappropriate sexual comments and inappropriate physical examinations.

18. Specifically, Defendant Wisner conducted numerous genital examinations of Plaintiff without using medical gloves, repeatedly fondled John Doe P.M.'s genitals, and made inappropriate comments regarding John Doe P.M.'s penis.

19. Defendant Wisner suggested to Plaintiff that he would withhold prescriptions for Plaintiff's pain medications if Plaintiff did not allow the unnecessary genital examinations to occur.

20. Defendant Wisner's wrongful acts were clear deviations from the standard of care, which Wisner committed at virtually every patient encounter he had with Plaintiff at the Leavenworth VA hospital, including but not limited to the following clinic visits: March 1, 2011; June 1, 2011; October 13, 2011; February 24, 2012; March 20, 2012; April 24, 2012; November 26, 2012; May 16, 2013; March 20, 2014; and April 19, 2014.

21. Defendant United States of America knew or should have known that Defendant Wisner was an impaired practitioner incapable of appropriate patient care before the harm he caused Plaintiff by his standard of care violations and improper conduct.

22. Specifically, Defendant United States of America, by and through its staff failed to monitor Defendant Wisner's clinical activities to ensure they were within the authorized Scope of Practice and medically appropriate pursuant to VHA Directive 1063 and the Physician assistant licensure act, K.S.A. 65-28a01, et seq, requiring appropriate direction and supervision of physician assistants.

23. On February 5, 2015, Defendant Wisner executed a Consent Order for Surrender, which was filed by the Kansas Board of Healing Arts ("KBOHA") on February 10, 2015.

24. In the Consent Order, Defendant Wisner admitted to using "his position as a physician assistant at the Dwight D. Eisenhower VA Medical Center in Leavenworth, Kansas to commit sexual battery crimes against veteran patients," which included Plaintiff John Doe P.M.

25. In a letter to the KBOHA, Defendant Wisner further admitted that he was "an impaired practitioner and not capable of patient care . . . ."

26. In addition, Defendant Wisner admitted that he violated K.S.A. 65-28a05(a) by "committing repeated acts of unprofessional conduct with patients" at the VA.

27. In addition, Defendant Wisner admitted violating Kansas statutes and regulations while working as a physician's assistant at the VA by:

- Repeatedly violating "the physician assistant licensure act . . , by repeatedly sexually assaulting his patients, having inappropriate sexual contact with his patients, making inappropriate sexual comments to his patients, overprescribing to his patients, and not meeting the appropriate standard of care;"

- "Practicing as a physician assistant without reasonable skill and safety to his patients;"

- Committing "acts of sexual abuse, misconduct, and exploitation" of his patients;

- Failing "to keep written medical records that accurately described the services rendered to his patients;"

- Performing "unnecessary testicular and genital exams and performed unnecessary contact of his patients for no legitimate medical purpose;"

- Committing "repeated acts of professional incompetency on patients;"

- Failing "to adhere to the applicable standard of care to a degree that constitutes ordinary negligence when he repeatedly performed unnecessary genital and testicular examinations, overmedicated patients, and failed to wear gloves and did not refer patients as needed;" and

- "[E]ngaging in a pattern or practice or behavior" with his patients that "demonstrates a manifest incapacity or incompetence to perform professional services as a physician assistant when he repeatedly performed unnecessary genital and testicular examinations, overmedicated patients, failed to wear gloves and did not refer patients as needed."

28. On information and belief, Defendant United States of America, by and through its agents and employees, knew or should have known that Defendant Wisner; had victimized other veterans at the VA; was a danger to VA patients; was an impaired practitioner; had propensities to provide improper medical care; and/or had propensities to violate patient boundaries.

29. Defendant United States of America, by and through its agents and employees, failed to monitor Defendant Wisner's clinical activities to ensure they were within the authorized Scope of Practice and medically appropriate as required pursuant to VHA Directive 1063 and/or the Physician assistant licensure act, K.S.A. 65-28a01, et seq.

30. Defendant United States of America, by and through its agents and employees, failed to appropriately monitor Defendant Wisner's clinical activities to ensure the presence of

6

ongoing competency and medical appropriateness, which was clearly lacking in the patients Wisner encountered, including Plaintiff John Doe P.M.

33. Defendant United States of America, by and through its agents and employees, had knowledge of Defendant Wisner failed to take appropriate action to correct his inappropriate conduct, including but not limited to: removing Defendant Wisner from patient care and the use of chaperones.

32. As a direct result of inappropriate sexual comments and inappropriate physical examinations by Defendant Wisner and Defendant United States of America's negligence, Plaintiff John Doe P.M. has and will continue to suffer mental and physical harm including but not limited to: erectile dysfunction, anxiety, distress, PTSD exacerbation, and loss of enjoyment of life.

<u>COUNT I</u><br>
<b>NEGLIGENCE – MEDICAL MALPRACTICE</b><br>
<b>(Plaintiff John Doe P.M. v. All Defendants)</b>

33. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 – 32 as if fully restated herein.

34. Plaintiff suffered injuries to his back and left shoulder in the line of duty in the Iraq war.

35. Plaintiff had been prescribed medication to treat the pain that he still experienced following his injuries.

36. Defendant Wisner was a physician's assistant for the Leavenworth VA hospital, who, as part of his job duties, practiced and prescribed medicine, including performance of physical exams, under the close supervision of a VA hospital physician.

37. It was suggested to Plaintiff that in order to refill his medication prescription, Defendant Wisner required Plaintiff to undergo physical examinations, which oftentimes included unnecessary genital examinations.

38. Defendant Wisner owed the Plaintiff the duty to use that degree of learning and skill ordinarily possessed and used by members of his profession and of that school of medicine in the community in which Defendant Wisner practiced medicine.

39. Defendant United States of America owed Plaintiff a duty to exercise reasonable care as the Plaintiff's condition required.

40. All Defendants owed Plaintiff the duty of using ordinary or reasonable care and diligence in providing him medical care.

41. All Defendants violated their duties to the Plaintiff when their medical treatment failed to meet the standard of care.

42. Defendant Wisner violated the standard of care when he:

   a. conducted improper and/or unnecessary examinations of Plaintiff's genitalia;
   b. failed to recognize his own impairment and refer the Plaintiff to another practitioner;
   c. failed to wear gloves during the examinations of Plaintiff's genitalia; and
   d. used his position to elicit unnecessary private information from the Plaintiff;

43. Defendant United States of America violated their standard of care when they:

   a. failed to properly supervise Defendant Wisner;
   b. failed to adequately investigate his background;
   c. failed to provide adequate and appropriate medical care; and
   d. retained Defendant Wisner in its employment.

44. Defendant Wisner's negligent acts were performed while he was on-the-clock, on the Defendant's premises and were reasonably incidental to his employment; Defendant United States of America is therefore vicariously liable for the tortious acts of Defendant Wisner.

45. The resulting harms suffered by the Plaintiff were foreseeable consequences of Defendants' negligence.

46. As a direct and proximate result of Defendants' negligence, Plaintiff suffered past, present and future shame, humiliation, medically significant emotional distress, loss enjoyment of life, loss of sleep and natural rest, and anger.

WHEREFORE, Plaintiff prays for a judgment against the Defendants in an amount that is fair and reasonable for actual and compensatory damages, for damages for aggravating circumstances, for his costs herein incurred, and for such further relief as this Court deems just and proper.

## COUNT II
### NEGLIGENT SUPERVISION, RETENTION, AND HIRING
### (Plaintiff John Doe P.M.. v. Defendant United States of America)

47. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 – 46 as if fully restated herein.

48. Defendant Wisner was a physician's assistant for the Leavenworth VA hospital, and who, as part of his job duties, practiced and prescribed medicine, including performance of physical exams, under the close supervision of a VA physician.

49. Defendant United States of America owed Plaintiff John Doe P.M. the duty to exercise reasonable care to employ, supervise, control and retain a competent and careful physician's assistant to:

    a. provide adequate and competent medical care to the Plaintiff;

      b. perform work which involves a risk of physical harm unless it skillfully and carefully done;

      c. perform his duties in a reasonable manner that would avoid causing foreseeable harm to third parties.

50. Defendant United States of America violated its duty when it failed to exercise reasonable care when it decided to employ and continue to employ Defendant Wisner.

51. Defendant knew or should have known that Defendant Wisner was unable to provide competent medical care to the Plaintiff or to conduct himself in a way that avoided an unreasonable risk of harm to third parties.

52. Upon information and belief, the Defendant knew or reasonably should have known that:

      a. Defendant Wisner had victimized other veterans at the Leavenworth VA hospital;

      b. Defendant Wisner was a danger to patients;

      c. Defendant Wisner was an impaired practitioner;

      d. Defendant Wisner had propensities to provide improper medical care;

      e. Defendant Wisner had propensities to violate patient boundaries; and

      f. Defendant Wisner had propensities to inflict emotional distress.

53. Defendant United States of America further had knowledge and reason to believe that Defendant Wisner's particular qualities and propensities to provide inadequate and inappropriate medical care, violate patient boundaries, and to act as an impaired practitioner presented an undue risk of harm to patients and third parties.

54. Defendant United States of America knew or should have known that continued employment of Defendant Wisner would continue to expose patients and third parties, such as Plaintiff, to potential harm.

55. Plaintiff's harms were within the risk created by Defendant Wisner's known propensities.

56. Defendant United States of America possessed reason to believe that employment of Defendant Wisner would result in undue risk of harm to others.

57. Defendant United States of America further knew or should have known that Defendant Wisner's conduct around patients and third parties such as Plaintiff required reasonable control and supervision.

58. Defendant United States of America failed to provide adequate oversight and review of Defendant Wisner's performance of his job duties.

59. Defendant United States of America further failed to adequately supervise and control Defendant Wisner given his known propensities toward harming patients.

60. The resulting harms suffered by the Plaintiff were foreseeable consequences of Defendant United States of America's negligence.

61. As a direct and proximate result of Defendants' negligence, Plaintiff suffered past, present and future shame, humiliation, medically significant emotional distress, loss enjoyment of life, loss of sleep and natural rest, and anger.

WHEREFORE, Plaintiff prays for a judgment against the Defendants in an amount that is fair and reasonable for actual and compensatory damages, for damages for aggravating circumstances, for his costs herein incurred, and for such further relief as this Court deems just and proper.

## COUNT III
## OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Plaintiff John Doe P.M. v. All Defendants)

62. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs as if fully restated herein.

63. Defendant Wisner, while operating in a medical context, within the scope of his job duties, and precipitated by plaintiff seeking medical care, engaged in intentional, reckless and outrageous conduct that was in reckless disregard of the plaintiff's wellbeing.

64. Defendant United States of America, in the context of providing the plaintiff medical services, engaged in intentional, reckless and outrageous conduct by abdicating all responsibility to supervise Defendant Wisner appropriately, in reckless disregard of plaintiff's wellbeing.

65. Defendant Wisner's conduct was extreme and outrageous by any reasonable standard and in any community in America, and goes beyond the bounds of decency so as to be regarded as utterly atrocious and intolerable in a civilized society.

66. The conduct of Defendant United States of American was extreme and outrageous by any reasonable standard and in any community in America, and goes beyond the bounds of decency so as to be regarded as utterly atrocious and intolerable in a civilized society.

67. As a direct and proximate result of Defendants' negligence, Plaintiff suffered past, present and future shame, humiliation, medically significant, extreme and severe mental distress, loss of enjoyment of life, lost sleep and anger.

WHEREFORE, Plaintiff prays for a judgment against the Defendants in an amount that is fair and reasonable for actual and compensatory damages, for damages for aggravating

circumstances, for his costs herein incurred, and for such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL OF ALL ISSUES

68. Plaintiff demands a trial by jury of all issues in this case.

## DESIGNATION OF TRIAL LOCATION

69. Plaintiff hereby designates Kansas City as the location for trial

Respectfully submitted,

*/s J'Nan C. Kimak*
J'Nan C. Kimak        #21927
Daniel A. Thomas      Pro Hac Vice
Nichelle L. Closson   Pro Hac Vice
HUMPHREY, FARRINGTON & MCCLAIN, P.C.
221 West Lexington Ave., Ste. 400
Independence, MO 64051
(816) 836-5050
(816) 836-8966 –fax
jck@hfmlegal.com
dat@hfmlegal.com
nlc@hfmlegal.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 4th day of August, 2016, the foregoing was filed using the ECF system, which will send a notice of electronic filing to all registered attorneys of record:

Viginia J. Nimick
U.S. Department of Justice
Civil Division, Torts Branch
PO Box 888
Washington, D.C. 20044-0888
Attorneys for Defendant United States of America

Mark E. Wisner
641 E. 8th Street
Horton, KS 66439
Defendant

                */s J'Nan C. Kimak*
                Attorney for Plaintiff