**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN DOE P.M.,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**UNITED STATES OF AMERICA AND MARK WISNER,**<br><br>　　**Defendants.** | Case No. 16-2315-DDC |

## ORDER RULING TRIAL OBJECTIONS

During trial, defendant United States of America objected to two subjects of expert testimony by one of plaintiff's expert witnesses, Stephen M. Peterson M.D. The court deferred ruling so that plaintiff could: (a) provide the court with Dr. Peterson's expert witness disclosure under Fed. R. Civ. P. 26(a)(2)(B); and (b) specify the portions of that disclosure providing notice of the challenged opinions. At the close of all evidence, the court heard argument about their competing positions. The court has considered the parties' arguments and now is ready to rule defendant's two objections.

*First Challenge (losing faith in institutions):* Plaintiff's counsel asked Dr. Peterson whether it's common for victims of sexual abuse to lose faith in the institution where their abuse occurred. Dr. Peterson answered, without objection, that it was "very common." Plaintiff's counsel then followed up, with an open-ended question asking Dr. Peterson to "describe that" phenomenon. Counsel for defendant interjected, objecting to the follow up question because the question exceeded the scope of Dr. Peterson's expert witness report. Later, after a discussion about defendant's objection, plaintiff's counsel asked the witness to finish his answer explaining "why" victims lose confidence in the institution where the abuse had occurred.

The court sustains defendant's objection because Dr. Peterson's expert witness report (submitted as Plaintiff's Exhibit 157-K) doesn't identify any of the factors identified in his trial testimony as reasons that sex abuse victims lose faith in the institutions where the abuse occurs. The next paragraph explains the reasons for the court's ruling.

Plaintiff's response to defendant's objection identifies eight passages of Dr. Peterson's report as the parts of the report that purportedly provided the required disclosure. Specifically, he identifies passages on pages 3, 13, and 14. And indeed, when one examines those portions of the report, it's easy to find references to some of the reasons Dr. Peterson identified in his answer to the challenged question. *See*, *e.g.*, Ex. 157-K at 3 (referencing imbalanced power in provider/patient relationship) & 14 (victims generally can't compartmentalize experiences to accommodate beneficial aspects of relationship considering its malignant aspects). But what is missing is the disclosure explicitly required by Rule 26(a)(2)(B), *i.e.*, "a complete statement of all opinions the witness will express and the basis and reasons for them." In short, it's not enough for the report merely to mention an event; instead, to comply with Rule 26, it must identify the event as a "basis" or "reason" for the opinion. Dr. Peterson's report never identifies any of the reasons given in his trial testimony as reasons why sex abuse victims lose faith in the sponsoring institution as a "basis" or "reason" for that opinion.

Given plaintiff's failure to connect the expert's opinion with his "basis and reasons for [it]," the court sustains defendant's objection. And under Fed. R. Civ. P. 37(c), the court thus strikes Dr. Peterson's testimony explaining why sex abuse victims lose faith in the institutions where they were abused.

***Second Challenge (how various therapies work):*** Next, defendant objected to a question from plaintiff's counsel that asked Dr. Peterson to "describe" how various forms of therapy work

2

and why plaintiff needs those therapies.  This question followed up on an earlier question to Dr. Peterson—which defendant did not challenge—about his treatment recommendations for plaintiff.  Responding to defendant's challenge, plaintiff directed the court to page 14 of Dr. Peterson's report and contended that there, plaintiff had made the required disclosure.  After review, the court overrules defendant's motion in part and sustains it in part.  The next two paragraphs explain the distinct prongs of the court's ruling and the reasons for them.

First, the part of defendant's motion that is overruled:  page 14 of Dr. Peterson's report explained that plaintiff needs "continued psychiatric (medication) and psychological treatment (trauma focused therapy) to reestablish trust in any healthcare" provider.  Elsewhere on the same page, Dr. Peterson identified four specific psychiatric medications that, "within medical probability," plaintiff needs.  So, defendant received a disclosure explaining why plaintiff needed those therapies and the court overrules this part of defendant's objection.

But, in contrast, for the therapies called prolonged exposure therapy, cognitive processing therapy, and dialectical behavior therapy, Dr. Peterson's report did not disclose his reasoning explaining why plaintiff "need[ed] those therapies" or "how [they] work."  When plaintiff asked Dr. Peterson those questions, they exceeded the scope of his disclosure.  Consistent with Fed. R. Civ. P. 37(c), plaintiff, as the party failing to make the required disclosure, many not "use that information" at trial.  The court thus strikes Dr. Peterson's trial testimony on these undisclosed subjects (except for the disclosed information described in the "First" paragraph, above.)

***Summary:***  In sum, the court sustains defendant's first objection and strikes Dr. Peterson's testimony explaining why sex abuse victims lose faith in the institutions where they were abused.  The court sustains defendant's second objection in part and denies it in part, as specified in greater detail in this Order.

3

**IT IS SO ORDERED.**

**Dated this 9th day of September, 2020, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**