```
                UNITED STATES DISTRICT COURT
                     DISTRICT OF KANSAS


JOHN DOE P.M.,
                                      Case No. 16-2315
  Plaintiff,

  v.
                                      Kansas City, Kansas
UNITED STATES OF AMERICA and          Date:  08/31/2020
MARK E. WISNER,

  Defendants.

........................

           PARTIAL TRANSCRIPT OF BENCH TRIAL
                COURT RULING ON PSEUDONYM

           BEFORE THE HONORABLE DANIEL D. CRABTREE
                UNITED STATES DISTRICT COURT JUDGE


APPEARANCES:

For the              Daniel A. Thomas
Plaintiff:           Michael S. Kilgore
                     Humphrey, Farrington & McClain
                     221 West Lexington Avenue
                     Independence, MO 64050


For the United       Lawrence Eiser
States of America:   Sarah Haston
                     Chris Benson
                     U.S. Department of Justice
                     Civil Division, Torts Branch
                     Benjamin Franklin Station
                     P.O. Box 888
                     Washington, DC  20044




   Proceedings recorded by machine shorthand, transcript
produced by computer-aided transcription.
```

1        (Excerpt of proceedings.)
2        THE COURT:  I owe you a -- I owe the record -- I'd
3   informed you at the pretrial conference that I plan to make a
4   brief record about the court's decision to permit the plaintiff
5   to continue to proceed by initials.  Here are the explantation
6   of those -- of that ruling.
7        In 2016, the plaintiff, PM, filed this case using his
8   initials instead of his given name.  He did not request leave
9   before filing the case under that pseudonym, but the defendant
10  United States has been aware of the plaintiff's identity for
11  the duration of the case.
12       The court noted this presented a potential
13  jurisdictional problem under Tenth Circuit law and thus ordered
14  the plaintiff as well as the plaintiffs in the other case --
15  related cases to show good cause why the pretrial order should
16  not be amended to reflect the plaintiff's full name.
17       Plaintiff has now responded to the order asking the
18  court for its permission to continue to proceed by initials and
19  justifying the need to do so based on explicit sexual conduct
20  that's involved in this case and the related cases and
21  plaintiffs -- and the psychological effect plaintiff claims it
22  has had on him and other similar plaintiffs.
23       I have now had the benefit of having heard evidence in
24  one of those related cases.  And while the facts differ from
25  case-to-case, there does appear, based on what I have read, at

1   least, to be a general pattern that is consistent through many
2   of the cases.  That pattern alleges that Mr. Wisner took
3   advantage of the plaintiff in this case and others during their
4   medical appointments.  He asked inappropriate sexual questions,
5   conducted genital examinations without gloves, sometimes the
6   examinations, it's claimed, were unnecessary and lasted longer
7   than necessary.
8            The court's now heard testimony about this -- how this
9   conduct could and allegedly here did traumatize victims,
10  particularly when the plaintiffs already suffered from PTSD and
11  were vulnerable based on past traumatic experiences.  I'm
12  mindful of the standards governing the court's decision whether
13  a plaintiff can proceed anonymously.  Notably proceeding
14  anonymously is not something that's contemplated by the Federal
15  Rules of Civil Procedure.  Instead, Rule 10(a) requires that
16  the title of a complaint name all the parties, and Rule 17(a)
17  prescribes that an "action must be prosecuted in the name of
18  the real party in interest."
19           Nonetheless, our circuit has acknowledged that there
20  may be cases where exceptional circumstances do warrant
21  allowing a party to proceed anonymously, most notably in the
22  *Femedeer*, F-E-M-E-D-E-E-R, against *Haun*, H-A-U-N case that's
23  reported at 227 F.3rd, 1244.  In that case, the circuit adopted
24  the standard previously applied by the Eleventh Circuit and it
25  provides this:

1           Lawsuits are public events.  A plaintiff should be
2   permitted to proceed anonymously only in exceptional cases
3   involving matters of a highly sensitive and personal nature,
4   real danger of physical harm, or where the injury litigated
5   against would be incurred as a result of disclosing -- the
6   disclosure of plaintiff's identity.  The risk that a plaintiff
7   may suffer some embarrassment is not enough.
8           The Eleventh Circuit case that's quoted in *Femedeer* is
9   *Doe against Frank*.
10          A trial court has discretion whether to permit a
11  plaintiff to proceed anonymously -- that's *Zavaras*,
12  Z-A-V-A-R-A-S -- but the court has to weigh the plaintiff's
13  claimed right to privacy against the countervailing public
14  interest, bearing in mind that the public has an important
15  interest in access to legal proceedings.  Ordinarily those
16  using the courts must be prepared to accept the public scrutiny
17  that is inherent in public trials.
18          The fact pattern that exists in this case and other
19  related cases is consistent with the pattern in other cases
20  where courts have found that the sensitive, intimate and
21  personal nature of the allegations as well as potential
22  psychological damages that could be exacerbated by disclosing
23  identities justified allowing a plaintiff to proceed
24  anonymously.
25          I also find it significant that were disclosure of

1  full identities required in a case like this, it might
2  discourage victims from reporting similar incidents.  It is
3  also significant that defendants have not been shielded from
4  knowing the actual identity of the plaintiff throughout these
5  proceedings and they've had opportunity to secure discovery
6  precluding any finding that their defense -- it thus precludes
7  any finding their defense has been handered -- hindered, I
8  should say, by plaintiff's use of his initials.
9          In sum, the court finds that the plaintiff has shown
10 that he should be allowed to proceed using his initials in this
11 case.  The plaintiff, the court finds, has shown more than a
12 mere risk of embarrassment under the facts that are alleged
13 here.  The court determines that the plaintiff's need for
14 anonymity outweighs the public interest in favor of openness,
15 but the court also strives to narrowly tailor this finding to
16 allowing plaintiff to proceed by initials in open court and the
17 public record.  The case in plaintiff's identity will not
18 otherwise be sealed or shielded from public access.  Moreover,
19 if there is an occasion that arises during the trial that the
20 identity of the plaintiff becomes material, the court will --
21 the court retains flexibility to revisit this ruling to the
22 extent necessary under those circumstances.
23         Finally, this is a public trial.  Though it is
24 occurring by video, the public has a right of access to trials
25 in the public courthouses.  And the court does not intend, at

1   least not on the current record, to close the courtroom or seal
2   the evidence, but the court does direct attorneys and witnesses
3   to refer to plaintiff by his initials or simply by the
4   antecedent "plaintiff."
5       So that's the ruling and the finding on proceedings by
6   initials.
7      (End of excerpt.)

10                           CERTIFICATE
11      I certify that the foregoing is a true and correct
12  transcript from the stenographically reported proceedings in
13  the above-entitled matter.
14      DATE:  September 16, 2020

16              /s/Kimberly R. Greiner
                KIMBERLY R. GREINER, RMR, CRR, CRC, RDR
                United States Court Reporter