IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN DOE P.M., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA AND MARK WISNER, <br><br> Defendants. | Case No. 16-2315-DDC |

## MEMORANDUM AND ORDER

This case is before the court on Defendant United States of America's Motion for Reconsideration (Doc. 134). In a Memorandum of Decision Under Rule 52(a) entered November 2, 2020, this court awarded $1,527,064 in economic and non-economic damages to plaintiff. Of this amount, $429,405 represented economic damages to compensate plaintiff for psychiatric treatment outside the Veterans Administration ("VA") for the rest of his life. The remaining $667,659 of economic damages compensated plaintiff for the loss of the free health care benefits with the VA that he had earned through his military combat service. Defendant asks the court either to reconsider and vacate the award of $667,659, or to place all economic damages plaintiff received—totaling $1,097,064—in a reversionary trust that would revert to defendant if not used for health care.

The court construes a motion to reconsider as a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e) when, as here, a party files the motion within 28 days after entering the order at issue. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006) (citing *Servants of Paraclete*, 204 F.3d at 1012).  So, "a motion for reconsideration is appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012).  "The decision whether to grant a motion to reconsider is committed to the district court's discretion."  *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)); *see also Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) (noting "the decision to grant reconsideration is committed to the sound discretion of the district court").

Defendant first claims that the court's award of $667,659 in damages was clear error and manifestly unjust.  The District of Kansas has applied a high standard to claims of manifest injustice, requiring that the injustice be "apparent to the point of being indisputable."  *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 6934112, at *2 (D. Kan. Dec. 30, 2011) (quoting *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011)).  According to defendant, the court's award expanded the law on damages in Kansas, and therefore is clear error and manifestly unjust.  Defendant contends that plaintiff did not prove defendant caused these damages.  And defendant also claims that they duplicate the award for future psychiatric treatment costs— thereby violating the Supreme Court's acknowledgment that the United States should not pay twice for the same injury.  *See Brooks v. United States*, 337 U.S. 49, 53 (1949) (stating that there

is "no indication that Congress meant the United States to pay twice for the same injury" when enacting the FTCA).

The court first addresses defendant's position that the damages award is unprecedented because it represents the value of an injury—lost medical insurance—that was not caused by defendant. The court found that plaintiff proved an award allowing him to secure health care through providers other than the VA is necessary to make him whole. By plaintiff's combat service to the United States, he had earned the right to free medical care at VA facilities. Wisner's conduct—conduct for which the United States is liable—deprived plaintiff of that right. Plaintiff adduced persuasive evidence that one way to make him whole for his loss of that medical care is a damages award sufficient to replace that right by purchasing equivalent private health care insurance. The court rejects defendant's position that causation was lacking and the award conflicts with Kansas law.

As for the damages as duplicative argument, defendant is correct about one thing. Dr. Ward testified that there "could be" overlap between the damages calculated to provide plaintiff necessary psychiatric treatment and the damages calculated to replace the value of medical benefits that he lost. On the other hand, Dr. Ward testified that there is no private insurance plan comparable to the coverage offered by the VA, thus underestimating the damages arising from his loss of VA health benefits. Dr. Ward also testified that no overlap may occur because the private health insurance may not cover certain medications, treatment, or deductibles.

Plaintiff was not tasked with proving damages beyond a reasonable doubt or with exacting precision. Instead, plaintiff's burden required him to prove damages by a preponderance of the evidence. The evidence showed that it was more likely than not that plaintiff suffered both types of losses. Because of Wisner's conduct, plaintiff needs significant

psychiatric therapy and medication. Also because of Wisner's conduct, plaintiff was deprived of his right to receive free medical care through the VA. Defendant has not shown that it was clear error or manifestly unjust for the court to award damages to make plaintiff whole for both losses.

Defendant's next argument is that, if the court will not reconsider the award of $667,659 in damages, it should order all economic damages placed in a reversionary trust. Defendant argues that such a measure is warranted in this case to avoid a windfall to plaintiff. *See, e.g.*, *Deasy v. United States*, 99 F.3d 354, 355 (10th Cir. 1996) (concluding a reversionary trust was within the district court's authority to "ensure[] that plaintiff does not receive a windfall"); *State ex rel. Stephan v. Wolfenbarger & McCulley, P.A.*, 690 P.2d 380, 385 (Kan. 1984) ("[T]he basic principle of damages is to make a party whole by putting him or her back in the same position as if the injury had not occurred, not to grant a windfall.") (internal quotation marks and citation omitted); *Short v. Wise*, 718 P.2d 604, 609 (Kan. 1986) (same).

This court has considered the reversionary trust request twice before. In both cases, the court decided it was not appropriate. *Doe D. P. v. United States*, No. 16-2267, Doc. 161, at 48–49 (D. Kan. Jan. 15, 2021); *Leininger v. United States*, No. 16-2627-DDC, 2020 WL 6392458, at *19 (D. Kan. Nov. 2, 2020). The same rationale applies here. The court has considered and rejected defendant's argument that any award of damages produces a windfall for plaintiff. This is not a new argument, although the context in which defendant raises the argument in this case may be new. Rehashing previously-rejected arguments is not a proper basis for reconsideration. *See Ferluga v. Eickhoff*, 236 F.R.D. at 549 (citing *Servants of Paraclete*, 204 F.3d at 1012). And certainly it is not manifestly unjust or clear error to permit plaintiff full control of a damages award that will make him whole.

4

As a final note, this is the first time defendant has raised the argument that a reversionary trust is warranted in this case. In *Leininger*, the court considered defendant's argument when it was not preserved in the pretrial order—assuming without deciding that preservation was unnecessary. 2020 WL 6392458, at *19. But here, defendant neither preserved the request in the pretrial order nor raised it at trial. Instead, defendant waited until the court awarded damages and then, but only then, asked the court to impose a reversionary trust in its Rule 59(e) motion. Defendant argues that its delay was proper, as the issue whether to place an award in a trust does not ripen until the court awards damages. This logic has some appeal. But it also expands the scope of Rule 59(e) review beyond that which the rule contemplates—that is, to consider defendant's request now is to allow argument that defendant could have presented earlier. Indeed, defendant <u>did</u> present the argument earlier in both *Leininger* and *Doe D.P.* The court does not find it appropriate for defendant to have waited until a Rule 59(e) motion to raise the issue for the first time.

**IT IS THEREFORE ORDERED** that Defendant United States of America's Motion for Reconsideration (Doc. 134) is denied.

**Dated this 8th day of February, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**\
**Daniel D. Crabtree**\
**United States District Judge**
